**No. 26-3781**
**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., ET AL., Petitioners, | : | On Petition for Review of Action of the U.S. Environmental Protection Agency |
| v. | : | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent. | : | |

# MOTION OF THE STATE OF OHIO FOR LEAVE TO INTERVENE AS RESPONDENT

D. ANDREW WILSON
Ohio Attorney General

MATHURA J. SRIDHARAN*
Solicitor General
**Counsel of Record*
SAMUEL C. PETERSON
Senior Deputy Solicitor General
CASEY CHAPMAN
Assistant Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614.466.8980
Mathura.Sridharan@OhioAGO.gov

*Counsel for State of Ohio*

Pursuant to Federal Rule of Appellate Procedure 15(d), the State of Ohio moves for leave to intervene as a party respondent in the above-captioned proceeding. For the reasons stated below, this case directly concerns Ohio, and Ohio has a direct, substantial, and compelling interest in the ultimate resolution of this matter.

## BACKGROUND

**1.** The Clean Air Act is an exercise in cooperative federalism. *Ohio v. EPA*, 603 U.S. 279, 283 (2024); *Kentucky v. EPA*, 123 F.4th 447, 453 (6th Cir. 2024). The federal government is responsible for setting National Ambient Air Quality Standards ("NAAQS"). 42 U.S.C. §7408; 42 U.S.C. §7409. States are responsible for developing plans to meet those standards. Specifically, States are responsible for submitting to the EPA "a plan which provides for implementation, maintenance, and enforcement of" the air-quality standards. 42 U.S.C. §7410(a)(1). These plans are referred to as "state-implementation plans." (They are often called "SIPs," for short.) After a State submits an implementation plan, the EPA can either approve or disapprove of that plan. 42 U.S.C. §7410(k).

Once a State (or area of a State) has met an air-quality standard that the EPA has established, it can submit an attainment demonstration in which it asks the EPA to designate that area of the State as having attained that standard. 42 U.S.C.

§7407(d)(3)(D). If the statutory requirements for redesignation have been met, the EPA may designate that area as in attainment. 42 U.S.C. §7407(d)(3)(E).

**2.** This case involves the Cleveland area's recent attainment of the ozone air-quality standards that the EPA established in 2015, along with Ohio's associated revision of its state-implementation plan. The EPA took final action to redesignate Cleveland as in attainment and to approve Ohio's state-implementation plan, which the EPA and the Administrator finalized in June. *Air Plan Approval; Ohio; Source-Specific Non-CTG RACT*, 91 Fed. Reg. 39019 (June 29, 2026). As the EPA explained, "the Cleveland area is meeting the requirements for redesignation" and Ohio's plan for maintaining the relevant air-quality standard met the approval criteria. *Id.* at 39020.

Section 307(b)(1) of the Clean Air Act, which is codified at 42 U.S.C. §7607(b)(1), allows interested parties to seek judicial review when the EPA and its Administrators take certain actions relating to air quality. Invoking the right to review under that section, Natural Resources Defense Council, Inc., the Ohio Environmental Council, and Sierra Club ("NRDC") filed a petition for review with this Court on August 27, 2026. The NRDC challenges the EPA's decision to redesignate the Cleveland area as in attainment of the 2015 ozone standard and to approve Ohio's associated revisions to its state-implementation plan.

The Court docketed the petition for review on August 27, 2026. *See NRDC, et al. v. EPA*, No. 26-3781, Doc. 1-1 (6th Cir.). Ohio supports the EPA's decision to redesignate the Cleveland area and to approve Ohio's revisions to its state-implementation plan. And the parties will not adequately represent Ohio's interests in this matter (including its sovereign interest in defending its state-implementation plan). Ohio thus seeks to intervene, under Rule 15(d) of the Federal Rules of Appellate Procedure, in support of the EPA.

## ARGUMENT

A motion to intervene "must be filed within 30 days after [a] petition for review is filed and must contain a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d). Aside from this language, Rule 15(d) does not provide additional standards for intervention, so courts look to the "statutory design of the act" and the rules governing intervention under Fed. R. Civ. P. 24. *Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 551 (5th Cir. 1985).

### I. Ohio may intervene as a matter of right.

In this case, Ohio should be allowed to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. Intervention as of right is appropriate when: (1) the application is timely; (2) the applicant has a substantial legal interest in the case; (3) the action may impair the applicant's ability to protect that interest absent intervention; and (4) the existing parties do not adequately represent

the applicant's interest. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

Here, Ohio satisfies all four factors.

**1. *Timeliness.*** The NRDC filed its Petition for Review in this Court on August 27, 2026. This Motion for Leave to Intervene is timely because it is filed within thirty days. Fed. R. App. P. 15(d).

**2. *Direct and Substantial Interest.*** Ohio has a direct, substantial, and compelling interest in the outcome of this action. At issue in this case is the substance of Ohio's state-implementation plan, specifically as it deals with Ohio's attainment of the 2015 ozone air-quality standards. As the name makes clear, the *States* are the ones that are responsible for developing the *state*-implementation plans that will be used to assure compliance with federal standards—including the 2015 ozone air-quality standard at issue here. *See* 42 U.S.C. §7410; 42 U.S.C. §7407(d)(3)(E) (conditioning redesignation to attainment on having a fully approved state-implementation plan). This case also involves the redesignation of the Cleveland area as being in attainment of the 2015 ozone standard. A State's attainment status affects the standards that apply to the State's citizens and its businesses; more stringent standards apply to areas that have not attained the relevant air-quality standards. *See* 42 U.S.C. §7511a.

Ohio is therefore entitled to a seat at the table here. The outcome of this case, after all, will affect the very tool Ohio uses to satisfy federal requirements. And it will affect, both directly and indirectly, the citizens of Ohio.

**3. *Impairment.*** The State's direct and substantial interests are directly implicated by this suit: this case will determine the legality of the changes that the EPA made to Ohio's state-implementation plan, and Ohio supports those changes. And, as the entity with "'primary responsibility' to regulate pollution emitted from its borders and the discretion to decide how best to meet air-quality standards" the State's unique sovereign interests are also in play here. *Kentucky*, 123 F.4th at 471 (citing 42 U.S.C. §7401(a)(3) and *Ohio*, 603 U.S. at 284). Thus, if the State is not allowed to intervene, its ability to protect its just-discussed interests will be impaired. That is especially so because, as discussed momentarily, the parties may not adequately represent Ohio's interests.

**4. *The parties do not adequately represent Ohio's interests.*** An intervenor who seeks to show that its interests would not be adequately represented by existing parties bears only a "minimal" burden. *Miller*, 103 F.3d at 1247 (quotation marks and citation omitted). It need only show that representation of its interests "may be inadequate," not that representation "will in fact be inadequate." *Id.* In other words, "seek[ing] the same outcome" is no bar to intervention. *Id.* A court should grant

intervention unless it expects the arguments from an existing party and the intervenor to overlap completely. *Id.*

Ohio has unique interests in this matter that are separate from the interests of the existing parties. Ohio's interests are therefore distinct from the broad regulatory interests advanced by the EPA. *First*, Ohio's specific interest in protecting its citizens through the proper interpretation and application of its state laws is different from the federal government's broad regulatory interests. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) (granting Mongolia's motion to intervene even though its general interests overlapped with the interests of the federal defendants); *see also Massachusetts v. EPA*, 549 U.S. 497, 520 (2007) (States have a "quasi-sovereign" interest in defending their citizens' welfare). And only Ohio can stand up for its unique sovereign interest in regulating air quality within its borders.

*Second*, Ohio cannot at this time predict the NRDC's exact arguments for appealing the EPA's approval of the revisions to its state-implementation plan. Nor can it predict how the EPA might respond to those arguments. *See NRDC v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977) (declining to predict when intervenors "might wish to urge before the Court" arguments different from those of the EPA). Because Ohio has first-hand knowledge of its own plan and the plan's practical implications, it will

be in the best position to defend that plan and respond to whatever arguments the NRDC eventually makes.

*

Ohio is timely intervening before any briefs have been filed, ensuring that the parties will not be delayed by the intervention. And there is no reason the State's appearance will prejudice either party. The Court should therefore grant the motion to intervene.

## II. Ohio should be granted permissive intervention in the alternative.

In the alternative, Ohio seeks permissive intervention under Fed. R. Civ. P. 24(b). Rule 24(b) allows intervention when the proposed intervenor makes a timely application demonstrating that (1) a federal statute provides a conditional right to intervene, or (2) the intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Ohio has, for all the reasons just discussed, met at least this relaxed standard for permissive intervention.

## CONCLUSION

The Court should grant Ohio's motion to intervene.

D. ANDREW WILSON
Ohio Attorney General

*/s/ Mathura J. Sridharan*
MATHURA J. SRIDHARAN*
Solicitor General
**Counsel of Record*
SAMUEL C. PETERSON
Senior Deputy Solicitor General
CASEY CHAPMAN
Assistant Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614.466.8980
Mathura.Sridharan@OhioAGO.gov

*Counsel for the State of Ohio*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed R. App. P. 32 (f) and (g), I hereby certify that the foregoing motion complies with the limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,519 words, excluding exempted portions, according to the count of Microsoft Word.

I further certify that the motion complies with Fed. R. App. P. 27(d)(1)(E), 32(a)(5) and (6) because it has been prepared in 14-point Equity font.

*/s/ Mathura J. Sridharan*
Mathura J. Sridharan
Ohio Solicitor General

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Mathura J. Sridharan*
Mathura J. Sridharan
Ohio Solicitor General