No. 26-3781

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 6, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC.; OHIO ENVIRONMENTAL COUNCIL; SIERRA CLUB,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Respondent,<br><br>STATE OF OHIO,<br><br>Intervenor. | ) | <u>O R D E R</u> |

Before: SILER, GILMAN, and READLER, Circuit Judges.

The Natural Resources Defense Council, Inc., the Ohio Environmental Council, and Sierra Club (petitioners) jointly petition for review of the United States Environmental Protection Agency's (EPA) final action designating the Cleveland, Ohio area as in attainment of the ozone air quality standards established by the EPA. The State of Ohio moves for leave to intervene.

Under the Clean Air Act, the EPA must establish National Ambient Air Quality Standards (NAAQS). 42 U.S.C. § 7409. The EPA then designates parts of the country as "attainment" (meeting NAAQS), "nonattainment" (not meeting NAAQS), or "unclassifiable." *Id.* § 7407(d)(1)(A). When a "nonattainment" state (or a "nonattainment" area of a state) subsequently meets the NAAQS, the state's governor may submit a request to the EPA to be redesignated to attainment. *Sierra Club v. EPA*, 161 F.4th 934, 939 (6th Cir. 2025) (citing 42 U.S.C. § 7407(d)(3)(D)). In June 2026, the EPA took final action to redesignate Cleveland to attainment. 40 C.F.R. § § 52.1870, 81.336 (2026). Petitioners jointly petition for review of the EPA's

redesignation. Ohio moves to intervene, and petitioners respond by taking no position on the motion.

Ohio's motion to intervene approximately 12 days after the petitioners filed their petition for review was timely and complies with Federal Rule of Appellate Procedure 15(d). *See* Fed. R. App. P. 15(d) (requiring the movant to state its interests and grounds for intervention within 30 days after a petition for review is filed). But without additional statutory guidance, Rule 15(d) does not provide standards governing intervention. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S.Ct. 1002, 1010 (2022) ("No statute or rule provides a general standard to apply in deciding whether intervention on appeal should be allowed."). Accordingly, our Court has found that a successful party in an agency proceeding may be permitted to intervene. *Int'l Union of Operating Eng'rs, Local 18 v. NLRB*, 837 F.3d 593, 594 (6th Cir. 2016) (stating that the winning party to an administrative proceeding "may intervene to defend… judgment in their favor"); *UAW, Loc. 283 v. Scofield*, 382 U.S. 205, 208 (1965) (holding that a successful party to an administrative proceeding has "a right to intervene in the Court of Appeals proceeding which reviews or enforces" orders). Because the EPA's final rule published in the Federal Register expressly approves Ohio's proposals, Ohio was a successful party to an agency proceeding. 40 C.F.R. § § 52.1870, 81.336 (2026).

The motion to intervene is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens

Kelly L. Stephens, Clerk