**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| **NATURAL RESOURCES DEFENSE COUNCIL, INC., et al.**<br><br>**Petitioners,**<br><br>**v.**<br><br>**ENVIRONMENTAL PROTECTION AGENCY,**<br><br>**Respondent.** | **Case No. 26-3781** |

**RESPONDENTS' PARTIALLY OPPOSED MOTION TO HOLD CASE IN ABEYANCE**

Respondent United States Environmental Protection Agency ("EPA") respectfully moves this Court to hold this case in abeyance pending this Court's judgment in *NRDC v. EPA*, No. 26-3769. In support of this motion, EPA states as follows:

1. This case challenges EPA's decision under the Clean Air Act to redesignate an area under the National Ambient Air Quality Standards ("NAAQS"). *Air Plan Approval; Ohio; Redesignation of the Cleveland, OH Area to Attainment of the 2015 Ozone Standard* ("Redesignation Rule"), 91 Fed. Reg. 39019 (June 29, 2026).

2. NAAQS are science-based limits on the concentration of pollutants in the ambient air designed to protect public health and welfare. Under the Clean Air

Act, EPA designates areas across the country as in "attainment" or "nonattainment" with the NAAQS. 42 U.S.C. § 7407(d)(1). The Clean Air Act also authorizes EPA to redesignate nonattainment areas to attainment if EPA determines that the air quality in the area meets the relevant NAAQS and the area establishes that it meets the other criteria set forth in the statute. *Id.* § 7407(d)(3). EPA may not redesignate a nonattainment area unless EPA determines that the area is in compliance with the NAAQS and other specific Clean Air Act standards. *Id.* § 7407(d)(3)(E). This includes the requirements that the "State containing such area has met all requirements applicable to the area" and that "the Administrator has fully approved the applicable implementation plan for the area." *Id.* § 7407(d)(3)(E)(ii), (v).

3. In the underlying Redesignation Rule on review here, EPA redesignated the Cleveland area in Ohio from nonattainment under the Clean Air Act to attainment for ozone National Ambient Air Quality Standards. 91 Fed. Reg. 39019. One predicate requirement for EPA's Redesignation Rule was its prior approval of Ohio Clean Air Act plan submissions addressing reasonably available control technology ("RACT") requirements for this same Ohio area. *See Air Plan Approval; Ohio; Source-Specific Non-CTG RACT*; *Air Plan Approval; Ohio; Source-Specific Non-CTG RACT and SIP Strengthening for Ohio*, 91 Fed. Reg. 38521 (June 26, 2026) (collectively, "RACT Rules").

4. In the Redesignation Rule, EPA determined that, with the separate final approval of the RACT Rules, Ohio had met the Clean Air Act's redesignation requirement that the Cleveland nonattainment area had met all applicable requirements per Section 7410(d)(3)(E)(v) and that EPA had fully approved those requirements per Section 7410(d)(3)(E)(ii). 91 Fed. Reg. 18357.

5. One petitioner in this case, NRDC, has challenged the RACT Rules in the separate case *NRDC v. EPA*, No 26-3769. Petitioners here designated the RACT Rules litigation as related to this case. Dkt. No. 1-2 at 2. If EPA prevails in that litigation, it will narrow the issues in this case by removing one ground for challenging the Redesignation Rule. But if NRDC prevails in its challenge and this Court vacates the RACT Rules, those statutory prerequisites will no longer be met and EPA will lack statutory authority to have promulgated the Redesignation Rule based on the RACT approvals.

6. Accordingly, this Court's ruling on NRDC's challenges to the RACT Rules will have a direct, substantial bearing on the outcome of this case. The Court should place this case in abeyance pending its judgment in *NRDC v. EPA*, No. 26-3769, to promote judicial economy and avoid potentially needless litigation.

7. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d

1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Thus, courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary." *Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022). This Court's judgment in *NRDC v. EPA*, No. 26-3769, is exactly the sort of development in an "independent proceeding" that would "render judicial resolution unnecessary" here. *See id.*; *Leyva*, 593 F.2d at 863. Moreover, EPA is not aware of any concrete prejudice to Petitioners from an abeyance.[1]

8. In the event that the Court does not grant this motion before

[1] If this Court declines to put this case in abeyance, the Court should extend EPA's deadline to file its initial answering brief to no earlier than March 2, 2027, which is one week after EPA's initial proof brief is due in the RACT litigation. *NRDC v. Ohio*, No. 26-3769, Dkt. No. 19. This extension is necessary and warranted for the same reasons as in that case (namely, overlapping absences among EPA and DOJ employees, especially over the December-January holidays, and the need for internal federal review for these complicated issues before the brief is filed), plus a one-week offset from that case to avoid simultaneous internal drafting and review of the answering brief in this case with the drafting and review in the RACT litigation. EPA will not oppose a commensurate extension for Petitioners' initial reply brief.

Petitioners file their opening brief, EPA consents to using a deferred appendix in this case under Appellate Rule 30(c). Counsel for Petitioners has represented that they oppose an abeyance in this matter but support the use of a deferred appendix. Counsel for Intervenor represents that Intervenor supports the abeyance.

9. WHEREFORE, EPA respectfully requests that the Court (a) place this case in abeyance pending this Court's judgment in *NRDC v. EPA*, No. 27-3769; and (b) order the parties to file motions to govern within 30 days of that judgment. Alternatively, if the Court denies EPA's requested abeyance, EPA asks the Court to order the use of a deferred appendix briefing schedule under Appellate Rule 30(c) and extend EPA's deadline to file an initial answering brief to no earlier than March 2, 2027.

Respectfully submitted this November 12, 2026,

*/s/ Daniel J. Martin*
DANIEL J. MARTIN
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-1869
Daniel.Martin3@usdoj.gov

*Counsel for Respondent*

## CERTIFICATES OF SERVICE AND COMPLIANCE

I hereby certify that on November 12, 2026, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*/s/ Daniel J. Martin*

I hereby certify that this motion complies with the volume and type-face requirements of Appellate Rule 27(d).

*/s/ Daniel J. Martin*