**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., OHIO ENVIRONMENTAL COUNCIL, AND SIERRA CLUB,<br><br>Petitioners,<br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br><br>Respondent. | Case No. 26-3781 |

# PETITIONERS' OPPOSITION TO RESPONDENT EPA'S MOTION TO HOLD CASE IN ABEYANCE

The Court should deny EPA's motion for abeyance ("Motion"), ECF No. 26, because it depends on speculation that the Court will vacate a separate EPA action that overlaps with this case only insofar as both involve EPA's approval of requests from Ohio under the Clean Air Act. In June 2026, EPA approved two sets of Ohio's state implementation plan revisions incorporating Moderate-classification Reasonably Available Control Technologies ("Moderate RACT Rules") for the Cleveland nonattainment area under the 2015 Ozone Standard and, days later, redesignated the area to attainment ("Redesignation Rule").[1]

[1] In August 2026, Natural Resources Defense Council ("NRDC") challenged the Moderate RACT Rules (Case Nos. 26-3769 and 26-3770, consolidated), while Petitioners challenged the Redesignation Rule (Case No. 26-3781).

This case presents purely legal questions about whether EPA lawfully redesignated the Cleveland area to attainment for the 2015 Ozone Standard. Petitioners will argue that EPA's interpretation of the Clean Air Act's redesignation requirements conflicts with the Act's plain text and this Court's precedent. The Moderate RACT Rules litigation, by contrast, involves fact-specific challenges to the stringency of pollution controls at individual sources. Its resolution therefore will not address a "central issue" here: whether EPA could lawfully redesignate Cleveland despite Ohio's failure to satisfy multiple statutory prerequisites under 42 U.S.C. § 7407(d)(3)(E). *Conerly v. CVN Companies, Inc.*, 34 F.3d 1070 (8th Cir. 1994) (allowing abeyance when another case will resolve a "central issue").

Delaying resolution of this case until after the Moderate RACT Rules litigation is resolved would significantly prejudice Petitioners and be contrary to the public interest. The Cleveland area is violating the 2015 Ozone Standard according to recent air quality data, so allowing this case to be in abeyance indefinitely would exacerbate ongoing health harms.

Moreover, EPA's eleventh-hour abeyance request is prejudicial. EPA has known of both cases since August 2026 but waited until less than two weeks before Petitioners' original November 25 deadline for filing their opening brief to seek abeyance, forcing Petitioners to divert resources from merits briefing to

oppose an unnecessary motion. Petitioners wish to avoid delay in this case and intend to file their opening brief on December 4.[2]

## LEGAL AND FACTUAL BACKGROUND

To protect public health and welfare, the Clean Air Act directs EPA to set National Ambient Air Quality Standards for pollutants like ozone. 42 U.S.C. §§ 7401(b)(1), 7409(b)(1). In 2015, EPA lowered the ground-level ozone standard to 70 parts per billion ("ppb"). 80 Fed. Reg. 65292 (Oct. 26, 2015) ("2015 Ozone Standard"). Short-term ozone exposure damages lungs, triggering asthma attacks and hospital visits, while repeated exposure causes long-term respiratory injury and increases the risk of premature death, particularly for children, older adults, and people with respiratory disorders. *Id.* at 65303–11.

After it issues a new ozone standard, EPA designates areas as attainment, nonattainment, or unclassifiable. 42 U.S.C. § 7407(d). Nonattainment areas are classified from Marginal to Extreme and automatically reclassified to the next, more stringent classification if they miss their statutory attainment deadline. *Id.* § 7511(a), (b)(2). Attainment is based on an area's "design value" (the three-calendar-year average of the annual fourth-highest maximum daily 8-hour ozone

---

[2] Pending before the Court is Petitioners' unopposed motion to extend their opening brief deadline to December 4 to account for EPA's last-minute motion. *See* ECF No. 28.

concentration), which cannot exceed 70 ppb. 42 U.S.C. § 7511(b)(2)(A); 40 C.F.R. pt. 50, app. U.

The Cleveland area ("Cleveland") has repeatedly failed to meet the 2015 Ozone Standard. Initially classified as Marginal in 2018, Cleveland missed its 2021 attainment deadline with a 74 ppb design value and was reclassified to Moderate. 83 Fed. Reg. 25776, 25823 (June 4, 2018); 87 Fed. Reg. 60897, 60901 (Oct. 7, 2022). Ohio submitted the Moderate RACT Rules to satisfy the requirements triggered by this reclassification. Cleveland then missed its next attainment deadline in 2024 with a 73 ppb design value and was reclassified to Serious, requiring a revised state implementation plan, including Serious RACT rules, by January 1, 2026. 89 Fed. Reg. 101901, 101902 (Dec. 17, 2024); 90 Fed. Reg. 5651, 5673 (Jan. 17, 2025).

EPA determined that Cleveland's design value for 2023-25 attained the standard and issued the Redesignation Rule. 91 Fed. Reg. 39019 (June 29, 2026). But Cleveland is no longer attaining the 2015 Ozone Standard. EPA's Ozone Watch tool shows a preliminary 2024-2026 design value of 71 ppb for the Cleveland area, thus exceeding the standard. Limaye Decl. ¶ 9, Ex. A. In 2026, there have also been 17 violations of the 2015 Ozone Standard at nine monitoring sites across the Cleveland area. *Id.* ¶¶ 10-11.

## STANDARD OF REVIEW

Courts have discretion to grant an abeyance upon weighing judicial economy against the parties' competing interests. *Landis v. N. Am. Co*., 299 U.S. 248, 254–55 (1936). One ground for granting abeyance is to await the decision of a related case poised to resolve a "central issue." *Conerly,* 34 F.3d at 1070. The burden, however, "is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Env't Council v. United States Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

## ARGUMENT

### I. The Outcome of the Moderate RACT Rules Litigation Cannot Resolve Any "Central Issues" in This Case.

The Court should deny EPA's Motion because the Redesignation Rule at issue in this case presents distinct legal questions about EPA's authority to redesignate an area in ozone nonattainment, and the Court's decision on the Moderate RACT Rules would not address those questions. Thus, the Moderate RACT Rules litigation cannot resolve any "central issue" regarding the Redesignation Rule's legality. *Conerly,* 34 F.3d at 1070. Accordingly, there is no basis to indefinitely delay the Redesignation Rule litigation to await the Moderate RACT Rules litigation's outcome.

In this case, Petitioners will challenge the legal basis for EPA redesignating the Cleveland Serious nonattainment area under 42 U.S.C. § 7407(d)(3)(E). This Court will need to determine whether the Redesignation Rule complies with the Clean Air Act and this Court's precedent, including whether Ohio "has met all requirements applicable to the area," pursuant to § 7407(d)(3)(E)(v); whether EPA "has fully approved the applicable implementation plan for the area" pursuant to § 7407(d)(3)(E)(ii); and whether Ohio's maintenance plan for the Cleveland Serious nonattainment area met the requirements of 42 U.S.C. § 7505a – all prerequisites for a lawful redesignation to attainment. 91 Fed. Reg. at 39021–26; *see also Sierra Club v. EPA*, 161 F.4th 934 (6th Cir. 2025); *Sierra Club v. EPA*, 793 F.3d 656 (6th Cir. 2015); *Wall v. EPA*, 265 F.3d 426 (6th Cir. 2001). While the parties dispute those legal questions, the underlying facts are undisputed, including Ohio's failure to adopt or submit any Serious-area requirements for EPA approval. 91 Fed. Reg. at 39021, 39024.

By contrast, the Moderate RACT Rules litigation challenges EPA's approval under 42 U.S.C. § 7511a(b)(2) and § 7511(c)(1) of pollution controls and emission limits for individual stationary sources in Cleveland that became required after the area was reclassified to Moderate nonattainment. It presents the question of whether EPA adequately explained its economic-feasibility determinations and cost-effectiveness benchmarks, justified rejecting technologically feasible controls

as economically infeasible, considered emission-reduction potential, and acted consistently with its prior rulemakings. 91 Fed. Reg. 38517, 38518 (June 26, 2026).

Resolution of the Moderate RACT Rules litigation will not resolve any "central issue" in the Redesignation Rule case. *Conerly,* 34 F.3d at 1070. EPA posits that, "if" it prevails in the Moderate RACT Rules litigation, then that "will narrow the issues in this case." EPA Mot. ¶ 5. But EPA does not explain how the Moderate RACT Rules litigation could resolve any central issue here. Nor could it. That case concerns only whether Ohio's pollution controls satisfied the requirements applicable to a Moderate nonattainment area, a lower classification. It will not resolve whether, once Cleveland was reclassified as Serious, Ohio had to satisfy the requirements applicable to Serious areas before EPA could redesignate Cleveland, a central issue in this case. The Redesignation Rule confirms this: Petitioners' comments challenging the then-proposed Redesignation Rule raise a host of other issues focused on Ohio's missing Serious-area requirements, *see* 91 Fed. Reg. at 39021–26, while the Moderate RACT Rules were the subject of different rulemakings and EPA referred to them only in passing in the Redesignation Rule. *Id.* at 39020.

EPA argues that if the Moderate RACT Rules are vacated, it "will lack statutory authority to have promulgated the Redesignation Rule." EPA Mot. ¶ 5.

This assertion presumes EPA's theory on the merits of this case: that the Serious-area requirements were not applicable to the Cleveland area because EPA extended Ohio's deadline for submitting them. 91 Fed. Reg. at 39022. As explained above, however, Cleveland was classified as a Serious nonattainment area, and Petitioners' arguments in this case concern those Serious-area and other requirements that had to be adopted and approved before redesignation. So even if vacatur of the Moderate RACT Rules would require EPA to reconsider Ohio's redesignation (and EPA does not commit to any course of action in the event of vacatur), it would not resolve any of the issues here.

Furthermore, EPA's own conduct undermines the premise that the Moderate RACT Rules litigation could resolve a central issue here. EPA recently re-proposed redesignation for Detroit despite Michigan's failure to timely adopt its own Moderate RACT rules, asserting authority to extend Michigan's January 2023 deadline nearly four years to December 2026. 91 Fed. Reg. 47162, 47168 (July 28, 2026). The same claimed authority to retroactively extend long-expired statutory deadlines is at issue in this case too. EPA could well attempt to follow the same course for Ohio if the Moderate RACT Rules are ruled illegal. Thus, even if the rules are vacated, that ruling would in no way assure that EPA would withdraw its Redesignation Rule at issue here. The Moderate RACT Rules litigation therefore will not resolve any aspect of this case.

When a court grants abeyance because another action could "narrow" the issues, that abeyance is often tied to situations where the agency is reconsidering the challenged rule. *Utah v. EPA*, No. 23-1157, 2025 WL 1354371, at *2 (D.C. Cir. May 2, 2025) ("Abeyance may be warranted when there are legitimate developments that could obviate the need for judicial review, such as when a new administration chooses to reevaluate its litigating position or when an agency plans to reconsider a challenged rule."). But when abeyance depends on another lawsuit, the burden is higher: the other case must be poised not merely to narrow the issues, but to resolve a "central issue" common to both cases. *Conerly,* 34 F.3d at 1070.

The cases EPA relies on do not support its request for abeyance. EPA cites *Center for Biological Diversity v. EPA*, 56 F.4th 55 (D.C. Cir. 2022), EPA Mot. ¶ 7, but that case involved a joint abeyance request by all parties to facilitate a settlement agreement, which is not the case here. *Center for Biological Diversity*, 56 F.4th at 71. EPA also cites *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir. 1979), EPA Mot. ¶ 7, where a district court stayed a Fair Labor Standards Act labor dispute pending parallel arbitration but the Ninth Circuit held that the claim was not arbitrable. *Leyva*, 593 F.2d at 864. The court remanded for the district court to reassess the stay. *Id*. Ultimately, EPA has not met the high burden of showing that abeyance is warranted. *Conerly,* 34 F.3d at 1070.

## II. Granting Abeyance Does Not Promote "Public Welfare or Convenience."

*Landis* permits abeyance pending the outcome of another legal proceeding only when abeyance also promotes "public welfare or convenience," while cautioning that the proponent of a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." 299 U.S. at 255-56. EPA identifies no hardship or inequity from proceeding here.

An indefinite abeyance would not promote "public welfare or convenience," *id*. at 256, because it would delay Petitioners' challenge to EPA's Redesignation Rule, which raises claims independent of the Moderate RACT Rules litigation, for potentially a year or more. That delay would leave Petitioners' members and Cleveland-area residents without Clean Air Act protections while they await resolution of a separate case. For example, Cleveland's preliminary 2024-2026 design value exceeds the 2015 Ozone Standard with 17 monitored violations in 2026 alone. Limaye Decl. ¶¶ 9-11. Yet the Redesignation Rule has weakened controls on ozone pollution. For example, it eliminates the requirement that new or modified stationary sources offset ozone-causing emissions. 42 U.S.C. § 7511a(c)(10). Thus, while this case remains pending, ozone pollution from such sources could increase without offsets and cause associated health harms to Petitioners' members and millions of Cleveland-area residents. The health harms

resulting from an abeyance of this case would disserve, not promote, "public welfare or convenience." *Landis*, 299 U.S. at 256.

Further demonstrating the harm of delay, Ohio is already moving to dismantle ozone safeguards because of the Redesignation Rule. Just one month after EPA promulgated the Rule, Ohio proposed eliminating its Clean Air Act-mandated "E-Check" vehicle inspection and maintenance program, a key control on automotive ozone emissions, with plans to seek EPA approval by the end of 2026. *See* Governor DeWine Release, Ex. B; Ohio EPA Public Notice, Ex. C. EPA's requested indefinite abeyance thus risks allowing Ohio to dismantle E-Check while awaiting a decision in this case. That needless delay could make reinstatement of E-Check more difficult if this Court later vacates the Redesignation Rule, harming the "public welfare" under *Landis*, 299 U.S. at 256.

At bottom, this Court should deny EPA's Motion because no central issue overlaps between the Redesignation Rule and Moderate RACT Rules litigation, and EPA has not shown that an abeyance is necessary despite the resulting prejudice to Petitioners and the public. *Landis,* 299 U.S. at 255-56; *Ohio Env't Council*, 565 F.2d at 396. Although both cases concern Cleveland and the Clean Air Act's ozone program, the Redesignation Rule presents distinct legal questions on a different record and procedural history. EPA has not even attempted to make

the required "clear case of hardship or inequity" from proceeding, *Landis*, 299 U.S. at 255. The Court should deny abeyance.

**III. EPA's Alternative Briefing Schedule Is Not Reasonable.**

EPA alternatively requests, absent abeyance, an extension of its answering brief deadline to March 2, 2027. EPA Mot. ¶ 7 n.1. But EPA provides little justification for such a lengthy extension. *See* 6 Cir. R. 26(a)(1) ("The court disfavors applications for extensions of time for the filing of briefs."). Instead, EPA relies on the justification provided in a separate, jointly proposed motion setting the briefing schedule in the Moderate RACT Rules litigation. Case No. 26-3769, ECF No. 19. No similar agreement exists here. With Petitioners' opening brief currently due November 25, 2026,[3] EPA seeks more than three months to prepare its response – almost three times the period contemplated by this Court's briefing letter.

Petitioners do not oppose a reasonable extension of EPA's answering brief deadline to January 29, 2027. That date addresses EPA's stated concern: Its answering brief in the Moderate RACT Rules litigation is due February 23, 2027, so January 29 leaves nearly four weeks between deadlines and avoids "simultaneous internal drafting and review" of the two briefs. Mot. ¶ 7 n.1. To the

[3] Petitioners' unopposed motion to extend their opening brief deadline to December 4, 2026, to accommodate EPA's last-minute abeyance motion is pending. *See* ECF No. 28.

extent that concern constitutes "good cause" under Federal Rule of Appellate Procedure 26(c), January 29 provides the accommodation EPA says it needs. Even if Petitioners' opening brief deadline is extended to December 4, *see* ECF No. 28, EPA would still have exactly eight weeks (56 days) to prepare its answering brief, a generous period given this Court's preference for prompt briefing. *See* 6 Cir. R. 26(a)(1).

## CONCLUSION

For these reasons, the Court should deny EPA's requested indefinite abeyance, deny EPA's request for an extended delay in briefing, and adjust the deadline for EPA's response brief to no later than January 29, 2027.

Dated: November 20, 2026 Respectfully Submitted,

/s/ Thomas Zimpleman (with permission)
Thomas Zimpleman
Abirami Vijayan
Sarah Buckley
Natural Resources Defense Council
1152 15th St. NW, Suite 300
Washington, DC 20005
tzimpleman@nrdc.org
avijayan@nrdc.org
sbuckley@nrdc.org
(202) 513-6244 (Zimpleman)

*Attorneys for Natural Resources Defense Council*

/s/ Jeffrey Hammons
Jeffrey Hammons
Hayden Hashimoto
Rachel J. Swanteson-Franz
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
jhammons@catf.us
hhashimoto@catf.us
rfranz@catf.us
(771) 241-6481 (Hammons)

*Attorneys for Petitioner the Ohio Environmental Council*

/s/ Priyam Desai (with permission)
Priyam Desai
Elena Saxonhouse
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
priyam.desai@sierraclub.org
elena.saxonhouse@sierraclub.org
(415) 294-0910 (Desai)

*Attorneys for Sierra Club*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(1)-(2) because, excluding the parts exempted under Federal Rules of Appellate Procedure 27(d)(2) and 32(f), it contains 2703 words. Per Federal Rule of Appellate Procedure 27(d)(1)(E), I certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font. I further certify that this motion has been scanned for viruses and is virus-free.

Dated: November 20, 2026

Respectfully submitted,

*<u>/s/ Jeffrey Hammons</u>*
Jeffrey Hammons

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: November 20, 2026

Respectfully submitted,

*/s/ Jeffrey Hammons*
Jeffrey Hammons